In the Matter of Clifford J. Kearney, Appellant, v. City of Schenectady, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered May 6, 1971 in Schenectady County, in a proceeding under CPLR article 78 which dismissed the petition. On November 3, 1969, the City of Schenectady, having acquired certain lands by in rem tax foreclosure, adopted an ordinance whereby said lands were designated to be held and used for public purposes. Appellant on or about December 29, 1970 brought this proceeding to compel the City of Schenectady to use the land for public purposes or, in the alternative, to sell the land at public sale. Appellant's petition alleged the adoption of the ordinance; that the lands are not being used for public purposes; that under section 13.4 of article XIII of the Schenectady City Charter, all unclaimed property shall be sold after three months; that the holding of said land, without using it for public purposes and the failure to place it for public sale, is a failure to perform a duty enjoined by law, and a proceeding without or in excess of jurisdiction. Appellant, on this appeal, apparently conceding that section 13.4 of article XIII of the Schenectady City Charter relates only to personal property, asserts that he is entitled to relief under section 4.2 of the Schenectady City Code, and that property standing idle for more than 20 months is not being used for municipal or public purposes. Section 4.2 of the Schenectady City Code, insofar as it is pertinent, provides as follows: " (2) Sale of In Rem Property. (a) The City of Schenectady shall first determine which properties shall be necessary for municipal or public use, or community betterment,

and said properties shall be withheld from sale * * *. (b) All remaining properties shall be offered for sale at public auction within six (6) months from the date of acquisition by the City." By ordinance No. 15232 the Common Council of the City of Schenectady determined, that whereas there existed a shortage of vacant land in the city available for municipal purposes, and that there was a growing need for the city to set aside a sizeable plot to be utilized for public purposes, the lands in question would not be sold, but would be retained for public purposes, and any additional plots acquired in this area would be held for public purposes. Appellant contends that more than 20 months have elapsed, and the city has not yet designated the land in question for some specific public use and, that, therefore, the lands must be sold. A public purpose or public use may generally be defined as a purpose or use necessary for the common good and general welfare of the people of the municipality. (*Sun Print & Pub. Assn.* v. *Mayor,* 152 N. Y. 257.) Retention of lands lawfully acquired by the city for the purpose of the future needs and requirements of the city is a public purpose which the legislative body of the city has the power to determine. The fact that the land in question was not immediately, or within a short period of time, devoted to a specific public purpose or use does not render the retention of the lands unlawful. Differences in opinion there may be as to whether lands retained for future public use are for the common good, but the courts will not question the wisdom of the legislative body in enacting legislation. (*Kaskel* v. *Impellitteri,* 306 N. Y. 73.) The Common Council had the power to enact the ordinance under section 4.2 of the Schenectady City Code, and nothing therein, nor in any other statute requires it to sell such land because it is not immediately used for a public purpose. While petitioner believes that the lands would better be used for housing and thus increase tax revenue, we cannot substitute his wisdom for that of the legislative body. The land in question was retained for a proper public purpose, and the judgment must be affirmed. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Simons, JJ., concur.